# Law Offices of Peter J. Russo, P.C.

**ATTORNEYS AT LAW**

3800 Market Street
Camp Hill, PA 17011

Peter J. Russo, Esquire
John N. Papoutsis, Esquire

Scott A. Stein, Esquire
Elizabeth J. Saylor, Esquire

## Tuesday, December 26, 2006

US Middle District Court
Attn: Mark Armbruster
P.O. Box 983
Harrisburg, PA 17108

RE: STATUS UPDATE – WILLIAM LELAND FREEMAN
CASE NO: 1-01-04273

Dear Mr. Armbruster,

Please allow this letter to act as an update for the court in regards to the aforementioned civil suit.

Per Attorney Dorothy Mott's office, Mr. Freeman's Chapter 13 Plan has been paid off and discharged. Attached please find docket entries from the Middle District of Pennsylvania of the same.

After discussion with Attorney Mott's office, she feels it is unnecessary to motion the court for the dismissal of the civil action with Floor Coverings International. Although my client has had no contact with me, if Judge Rambo feels it is required, I will gladly file a motion to dismiss the action.

If I can be of further assistance please do not hesitate to contact me. Thank you for your time and consideration in this matter.

Very Truly Yours,

Peter J. Russo, Esquire

cc: Dorothy Mott, Esquire
F. Stephenson Matthes, Esquire.
William Freeman

Enclosures

B18W (12/03)

# United States Bankruptcy Court

Middle District of Pennsylvania
Case No. 1:01-bk-04273-MDF

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
William Leland Freeman
751 MOORES MOUNTAIN ROAD
LEWISBERRY, PA 17339

Social Security No.:
xxx-xx-3575

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 8/18/05

*Mary D. France*

United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18W continued (7/99)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged

Some of the common types of debts which are **not** discharged in a chapter 13 bankruptcy case are:

a. Debts that are in the nature of alimony, maintenance, or support;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

e. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and

f. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

```
                    UNITED STATES BANKRUPTCY COURT
                    MIDDLE DISTRICT PENNSYLVANIA
IN THE MATTER OF:                                                    PAGE    1

                                       )    CHAPTER 13
                                       )    CASE NO.    10104273
                                       )
WILLIAM LELAND FREEMAN                 )    DATE FILED:     08/02/2001
                                       )    DATE CONFIRMED: 10/09/2002
321 DEERFIELD RD                       )    DATE CONCLUDED: 08/16/2005
CAMP HILL, PA   17011   DEBTOR (S)     )
                                       )
-------------------------------------- )

                    CHAPTER 13 STANDING TRUSTEE'S
                            FINAL REPORT
                    CLOSED COMPLETED/DISCHARGED

    Pursuant to 11 U.S.C. Section 1302(b)(1) and Rule 2015(2), the Trustee has
maintained detailed reports of receipts and disbursements which are as follows
```

| Claim Creditor's Name | Amount Allowed | Paid to Date | Balance Due |
|---|---|---|---|
| **SECURED** | | | |
| 101 FIRST UNION NATIONAL BANK | 0.00 | 0.00 | 0.00 |
| | | 0.00 | |
| **UNSECURED** | | | |
| 201 PETER J. RUSSO, ESQUIRE | 2,590.35 | 249.34 | 2,341.01 |
| 202 FLOORCOVERINGS INTL, LTD | 50,953.70 | 4,870.87 | 46,082.83 |
| | | 5,120.21 | |
| **REFUND TO DEBTOR** | | | |
| 999 **WILLIAM FREEMAN | 0.00 | 0.00 | 0.00 |
| | | 0.00 | |
| **DEBTOR ATTORNEY** | | | |
| 000 DOROTHY MOTT, ESQUIRE | 3,500.00 | 3,500.00 | 0.00 |
| | | 3,500.00 | |

| TOTAL RECEIPTS | DISBURSED | TRUSTEE FEES | CASH ON HAND |
|---|---|---|---|
| 9,000.00 | 8,620.21 | 379.79 | 0.00 |

```
                    UNITED STATES BANKRUPTCY COURT
                    MIDDLE DISTRICT PENNSYLVANIA
IN THE MATTER OF:                                                    PAGE   2

                                              )    CHAPTER 13
                                              )    CASE NO.    10104273
                                              )
WILLIAM LELAND FREEMAN                        )    DATE FILED: 08/02/2001
                                              )    DATE CONFIRMED: 10/09/2002
321 DEERFIELD RD                              )    DATE CONCLUDED: 08/16/2005
CAMP HILL, PA   17011          DEBTOR (S)     )
                                              )
-----------------------------------------------)
```

## CHAPTER 13 STANDING TRUSTEE'S
## FINAL REPORT
## CLOSED COMPLETED/DISCHARGED

WHEREFORE, the Trustee prays that a Final Decree be entered discharging him/her as Trustee and releasing the Trustee and the Trustee's surety from any and all liability on account of the within proceedings, and closing the estate, and for such other relief as is just.
Pursuant to FRBP 5009, I certify the case has been fully administered.

/s/ CHARLES J. DEHART, III
P.O. BOX 410

HUMMELSTOWN, PA   17036

PRINTED   08/16/05